**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Sullivan, | No. CV-18-03184-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| THL Servicing LLC, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss (Doc. 27). Plaintiff filed a Response (Doc. 28) and Defendant filed a Reply (Doc. 29). Plaintiff also filed a Surreply (Doc. 30). However, neither the Federal Rules of Civil Procedure ("Rules") nor the Rules of Practice of the U. S. District Court for the District of Arizona ("Local Rules") provide for the filing of a surreply, and surreplies not authorized by any rules of procedure are not permitted, absent express prior leave of the Court. Therefore, the Court will not consider Plaintiff's Surreply (Doc. 30) and will strike it from the record.

**I. BACKGROUND**

On December 18, 2018, the Court granted Defendant's Motion to Dismiss, finding that Plaintiff's Complaint was filed after the statute of limitations had run and Plaintiff had not presented a tolling argument. (Doc. 22 at 3). The Court granted Plaintiff leave to file an Amended Complaint and directed her to "plead facts regarding the date on which she received the right-to-sue letter or that the 90-day time period was subject to waiver, estoppel, or equitable tolling." (*Id.* at 5). On January 2, 2019, Plaintiff filed her Amended

Complaint, in which she references a prior case in the District of Arizona that was predicated on the same facts underlying the current action ("2017 Action"). (Doc. 24).

### A. 2017 Action

In the 2017 Action, Plaintiff filed her Complaint on July 26, 2017. (2017 Action,[1] Doc. 1). Plaintiff then filed an Amended Complaint on August 15, 2017. (2017 Action, Doc. 7). In her Amended Complaint, Plaintiff named THL Servicing LLC (doing business as Ramada Tempe), Tom Kreitler, and Craig Johnson as Defendants and alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.*) Plaintiff alleged that she formerly worked for Ramada Tempe along with Mr. Kreitler, who made inappropriate sexual gestures toward her. (*Id.*) Plaintiff claimed that she reported the harassment to Mr. Johnson, the general manager at the relevant time, and was terminated soon thereafter. (*Id.*)

Plaintiff attempted to affect service of process, but failed to follow the Rules that control service of process. (2017 Action, Doc. 16). The Court directed Plaintiff to the Rules governing service of process on individuals, Rule 4(e), and corporate defendants, Rule 4(h), and the Court extended the deadline to serve Defendants to November 30, 2017. *Id.* On December 8, 2017, upon review of the record, the Court found Plaintiff had still not properly served any of the Defendants in compliance with Rule 4; thus, the Court ordered Plaintiff to explain why the 2017 Action should not be dismissed, without prejudice, for lack of service. (2017 Action, Doc. 21). On December 14, 2017, Plaintiff responded to the Show Cause Order stating that she did not believe she needed to serve Defendants Kreitler and Johnson and that she believed she had already properly served Ramada Tempe. (2017 Action, Doc. 22). The Court notified Plaintiff that she was mistaken. (2017 Action, Doc. 23). The Court further instructed Plaintiff that "[i]f she intend[ed] to pursue claims against Kreitler and Johnson, she must properly serve those individuals" and that it did not appear "that Ramada Tempe [had] been served." (*Id.*) The Court found that "Plaintiff clearly [was] making sincere efforts to serve Defendants" and

---

[1] The 2017 Action is *Sullivan v. Kreitler, et al.*, No. 2:17-cv-02491 (D. Ariz. 2017).

that in the interests of justice, the Court would "extend her service deadline to January 31, 2018." (*Id.*) The Court warned Plaintiff that no more extensions would be granted absent good cause, and again encouraged her to look at the "federal rules governing service of process (particularly those that explain who may accept service on behalf of a corporate defendant), and to consult the resources for self-represented litigants available on the Court's website at http://www.azd.uscourts.gov/proceeding-without-attorney." (*Id.* at 3). The Court specifically directed Plaintiff to the Court's Handbook for Self-Represented Litigants, as well as the forms for scheduling an appointment with a volunteer lawyer at the Federal Court Self-Service Center. (*Id.*)

On January 31, 2018, Plaintiff filed a Motion for Extension of Time to Serve Defendants. (2017 Action, Doc. 25). On February 2, 2018, the Court granted Plaintiff's Motion and extended Plaintiff's deadline to serve Defendants to March 1, 2018. (2017 Action, Doc. 26). More than seven months had passed since Plaintiff filed her Amended Complaint and she still had not served any of the Defendants; therefore, on April 6, 2018, the Court dismissed the 2017 Action for failure to affect service of process on Defendants. (2017 Action, Doc. 30). On May 23, 2018, Plaintiff filed a Motion for Reconsideration, in which she asked the Court to reconsider its Order dismissing the 2017 Action. (2017 Action, Doc. 34). The Court denied Plaintiff's request as untimely. (2017 Action, Doc. 35).

**B.     Current Action**

On October 5, 2018, Plaintiff initiated the current action by filing her Complaint, which was based on the same facts underlying the 2017 Action. (Doc. 1). In fact, apart from the caption, Plaintiff's Complaint in the current action was the exact same as her Amended Complaint in the 2017 Action. (*Compare* Doc. 1, *with* 2017 Action, Doc. 7). Thus, in effect, this action was Plaintiff's attempt to renew her Title VII employment discrimination claim after the 2017 Action was dismissed. However, the only Defendant in the current action was THL Servicing LLC; Plaintiff did not name Mr. Kreitler and Mr. Johnson as Defendants in this action.

All suits under Title VII must be brought within ninety days of the date the plaintiff receives a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). Here, Plaintiff provided that her right-to-sue letter was dated April 27, 2017; however, she did not provide the date that she received the letter. (Doc. 24 at 2). Therefore, the Court determined that the presumptive date that Plaintiff received the right-to-sue letter was May 2, 2017. (*See* Doc. 22 at 2-3) (explaining how the Court determined the presumptive date of receipt)); *see also Batsford v. SCA Tissue N. Am., LLC,* 2009 WL 4824801, at *1 (D. Ariz. Dec. 4, 2009) (holding Title VII's ninety-day period begins to run when delivery of a right-to-sue letter). Therefore, May 2, 2017, was the date on which the ninety-day period began running.

Defendant filed a Motion to Dismiss arguing that Plaintiff's claim was barred by statute of limitations because it was filed well-after the ninety-day period had expired. (Doc. 16). The Court granted Defendant's Motion to Dismiss, finding that Plaintiff's Complaint was filed after the ninety-day period had expired and thus was barred by statute of limitations. (Doc. 22 at 3). The Court, however, granted Plaintiff leave to file an amended complaint and specifically directed Plaintiff to plead facts that indicated that the ninety-day period was subject to waiver, estoppel, or equitable tolling. (*Id.* at 5). Plaintiff filed her Amended Complaint on January 2, 2019. (Doc. 24). In her Amended Complaint, Plaintiff directed the Court to her 2017 Action and appeared to argue that the 2017 Action was timely; therefore, this action was timely filed. (*Id.* at 2). Defendant then filed the pending Motion to Dismiss on January 16, 2019. (Doc. 27).

## II. LEGAL STANDARD

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court considers the legal sufficiency of Plaintiff's claims. A complaint should not be dismissed unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997) (citing *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). Dismissal for failure to state a claim can be based on either the "lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistren v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In a Rule 12(b)(6) motion to dismiss "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted). The district court, however, is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.*, 674 F. Supp. 782, 785 (C.D. Cal. 1986)). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

**III. DISCUSSION**

Plaintiff's Amended Complaint alleges a claim for employment discrimination under Title VII and, as previously explained in the Court's Order Dismissing Plaintiff's Complaint, there are effectively two limitations periods for Title VII claims. (Doc. 22 at 2). First, a claimant must exhaust administrative remedies by filing a charge with the EEOC, or an equivalent state agency, and receive a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). The charge must be filed within 180 days after the allegedly unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1).[2] Second, after exhausting administrative remedies, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e5(f)(1). At issue here, is whether Plaintiff initiated this current action within ninety days of receiving her right-to-sue letter.

Here, the presumptive date on which Plaintiff received the right-to-sue letter was May 2, 2017. (*See* Doc. 22 at 2-3). Therefore, the ninety-day period to initiate her action

---

[2] If the charge is initially filed with a state agency that enforces the state's own anti-discrimination laws, the statutory 180–day rule does not apply. Instead, a Title VII charge must be filed within 300 days after the allegedly unlawful employment practice or 30 days after notice that the state agency has terminated its proceedings under state law, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1).

expired on July 31, 2017. However, Plaintiff did not initiate this action until November 5, 2018, which was approximately eighteen months after Plaintiff received her right-to-sue letter, seven months after the Court dismissed the 2017 Action, and four months after the Court denied Plaintiff's Motion for Reconsideration in the 2017 Action. Therefore, the ninety-day filing period expired before Plaintiff initiated this action. Nonetheless, the Court will analyze whether Plaintiff has presented any facts to indicate that equitable tolling, equitable estoppel, or waiver are applicable. In its pending Motion to Dismiss, Defendant argues that Plaintiff's Amended Complaint does not plead specific facts to excuse Plaintiff's failure to comply with the statute of limitations. (Doc. 27 at 6). In her Response, Plaintiff simply points the Court to the 2017 Action and appears to argue that the 2017 Action makes this current action timely. (Doc. 28 at 1).

### A. Equitable Tolling

Equitable tolling allows a plaintiff to pursue their claim outside of the normal statute of limitations period. Under federal law, equitable tolling is "applied only sparingly." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997); *see also Batsford*, 2009 WL 4824801, at *1 ("Equitable tolling may be applied to [Title VII's] ninety-day statute of limitations but only sparingly and not for lack of due diligence"). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). No such circumstances are present here.

In the 2017 Action, Plaintiff was directed to the Rule governing service of process and the materials available for individuals representing themselves. Moreover, the Court provided Plaintiff with no less than three extensions to properly serve the Defendants. However, Plaintiff failed to properly serve any of the Defendants in the 2017 Action and as a result, the Court dismissed the 2017 Action without prejudice. Thus, the Court finds that even though Plaintiff's Complaint in the 2017 Action may have been timely filed, that fact alone does not warrant equitable tolling in this action. In other words, the 2017 Action

has no bearing on the timeliness of Plaintiff's Complaint in this action. *See Atkins v. Governing Bd. of Creighton Sch. Dist.*, 2015 WL 13333697, at *3 (D. Ariz. June 30, 2015); *see also Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985) (affirming dismissal of Title VII plaintiff's complaint for lack of timely service and acknowledging that plaintiff's employment discrimination claim would be time-barred if re-filed). Here, Plaintiff's failure to comply with the statute of limitations was due to her failure "to exercise due diligence in preserving her legal rights." *Rexroat v. Arizona Dept. of Educ.*, 2011 WL 5924346, at *2 (D. Ariz. Nov. 22, 2011) (internal citation and quotation marks omitted). Therefore, the Court finds equitable tolling is not warranted here.

### B. Equitable Estoppel

"Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit . . . ." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *overruled on other grounds* by *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194–96 (9th Cir. 2001) (en banc). A finding of equitable estoppel may be based on factors, including but not limited to: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations; (2) evidence of improper purpose on the part of the defendant or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct; and (3) the extent to which the purposes of the limitations period have been satisfied. *Id.* (citing *Naton v. Bank of Calif.*, 649 F.2d 691, 696 (9th Cir. 1981)). Plaintiff's Amended Complaint and Response are devoid of any facts to indicate that Defendant in any way prohibited Plaintiff from filing her Complaint within the niety-day period. Thus, the Court finds that the doctrine of equitable estoppel is not warranted here.

### B. Waiver

Generally, a defendant must plead a statute of limitations defense, or else it is waived. *See, e.g., United States Postal Serv. v. Am. Postal Workers Union*, 893 F.2d 1117, 1122 (9th Cir. 1990). Here, instead of answering Plaintiff's Amended Complaint, Defendant filed a Motion to Dismiss, in which it asserted that Plaintiff's claims were barred by statute of limitations. There are no facts to indicate that Defendant waived a statute of

1 | limitations defense; thus, the Court finds waiver is not applicable here.

## IV. CONCLUSION

Under Title VII, an action must be filed within ninety days of receipt of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). This requirement constitutes a statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992). Plaintiff did not initiate this action within the ninety-day period; therefore, this action is barred by statute of limitations. The Court finds that Plaintiff has not provided any facts to indicate that equitable tolling, equitable estoppel, or waiver are applicable. Even though Plaintiff may have timely filed the 2017 Action, that action was dismissed because Plaintiff failed to serve Defendants; thus, the filing of the 2017 Action does not render this action timely.

The Court has already provided Plaintiff with leave to file an amended complaint and provided guidance on how to cure the defects in her Complaint. Specifically, the Court directed her to plead facts that demonstrate the statute of limitations was subject to equitable tolling, equitable estoppel, or waiver; however, Plaintiff failed to do so. Consequently, the Court will grant Defendant's Motion to Dismiss, without granting Plaintiff leave to amend because the Court finds that this action is barred by statute of limitations and therefore an amendment cannot cure the Amended Complaint's defects.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 27) is **GRANTED**. Plaintiff's Title VII claims against THL Servicing LLC are dismissed with prejudice;

**IT IS FURTHER ORDERED** that Plaintiff's Surreply (Doc. 30) is **STRICKEN**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Case Status (Doc. 31) is **DENIED as moot**; and

…

…

…

…

…

**IT IS FINALLY ORDERED** respectfully directing the Clerk of the Court to terminate this action.

Dated this 8th day of April, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge